IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR08-58S |
| | ) | Cr. No. |
| vs. | ) | In violation of |
| | ) | 18 U.S.C. § 874 |
| | ) | 26 U.S.C. § 7206(1) |
| MICHAEL MACARUSO | ) | |

FILED
JUN 26 2008
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

INFORMATION

The United States Attorney charges that:

COUNT 1
(Kickbacks from Public Works Employees)

1. At all times relevant to this Information, defendant MICHAEL MACARUSO was a Rhode Island resident who resided in Johnston, Rhode Island.

2. Ocean State Building Wrecking and Asbestos Removal Co., Inc. ("Ocean State Asbestos Removal") is a Rhode Island corporation that was incorporated on August 25, 1988. Ocean State Asbestos Removal specialized in the abatement and removal of asbestos from structures. Prior to August 2000, defendant MICHAEL MACARUSO was a minority shareholder of Ocean State Asbestos Removal. From in or about July 2000 through August 2004, defendant MICHAEL MACARUSO served as the Vice President for Ocean State Asbestos Removal. In or about June 2003, defendant MICHAEL MACARUSO purchased Ocean State Asbestos Removal from its former owners and became its President and Vice-President.

3. On or about November 9, 2001, defendant MICHAEL MACARUSO established Rhode Island corporation Ocean State Environmental Co., Inc. ("Ocean State Environmental"). Defendant MICHAEL MACARUSO is the President and sole shareholder of Ocean State Environmental. In or about June 2003, all asbestos removal and abatement work that had previously been performed by Ocean State Asbestos Removal was transferred to Ocean State Environmental. Therefore, from in or about June 2003 through the present, all asbestos removal work for which defendant MACARUSO was contracted was performed through Ocean State Environmental. (Ocean State Asbestos Removal and Ocean State Environmental are referred to collectively as the "Ocean State Companies.")

4. At all times relevant to this Information, the Ocean States Companies performed asbestos removal services in Rhode Island for governmental agencies, including at properties operated by the Providence Housing Authority, the Cranston Housing Authority, the North Providence Housing Authority, the City of Providence, the Providence School Department and the Town of South Kingstown (collectively, "the Governmental Agencies"). The Providence Housing Authority, the Cranston Housing Authority and the North Providence Housing Authority all receive their principal funding from the United States Department of Housing and Urban Development. For all work performed for the Governmental Agencies, the Ocean State Companies were required to

pay their employees the "prevailing wage," as determined by the Department of Labor, which includes a base rate plus fringe benefits. In addition, where an employee entitled to receive prevailing wages worked more than forty hours in a work week on a public project, the Ocean State Companies were required to pay overtime at a rate of not less than time and one-half the base rate of pay.

5. Moreover, on all asbestos removal work performed for the Governmental Agencies, the Ocean State Companies were required to submit payrolls to the Governmental Agencies certifying that they had paid their workers not less than the prevailing wage ("certified payrolls").

6. Throughout the period of July 2003 through December 2006, defendant MICHAEL MACARUSO regularly signed and submitted certified payrolls to representatives of the Governmental Agencies. In numerous of these certified payrolls, defendant MICHAEL MACARUSO falsely represented, under penalty of perjury, that each of his employees who performed work at specified public facilities was being paid the prevailing wage, including fringe benefits.

7. Based on defendant MICHAEL MACARUSO's express certifications that each of the Ocean State Companies' employees was being paid the prevailing wage, the Governmental Agencies processed invoices defendant MACARUSO submitted and paid the

Ocean State Companies for services rendered.

8. At all times relevant to this Information, defendant MICHAEL MACARUSO, on behalf of the Ocean State Companies, submitted weekly time sheets to the Rhode Island accounting firm Russolino and Young, Ltd. ("Russolino & Young"). The time sheets defendant submitted to Russolino & Young purported to represent the hours each employee worked in a given week and specified for which Governmental Agency the work was performed. Based on the information provided by defendant MACARUSO, Russolino & Young generated weekly paycheck(s) for each of the Ocean State Companies' employees. In generating the paychecks, Russolino & Young calculated the hourly wages (including fringe benefit amounts) for work done at public facilities using the prevailing wage rates under federal and Rhode Island state law. An accountant for Russolino & Young would thereafter provide the employee paychecks to defendant MACARUSO for distribution to the Ocean State Companies' employees.

9. Rather than distribute the payroll checks to his employees, on many occasions from July 2003 through December 2006, defendant MICHAEL MACARUSO would either himself sign the employees' names on the backs of the checks or require the employees to endorse the backs of their paychecks and return the paychecks to him. Defendant MICHAEL MACARUSO would then bring the employees' paychecks to a financial institution or a check-

cashing facility and cash the paychecks of the Ocean State Companies' employees.

10. From July 2003 through December 2006, defendant MICHAEL MACARUSO would, on a weekly basis, meet individually with each employee for the purpose of providing the employee with his weekly pay. During these meetings, which typically took place in defendant's Johnston, Rhode Island office, each employee would be given an amount of money in cash, an amount that in many instances was significantly below the amount of their paycheck that defendant had cashed. The employees accepted less in cash than the amounts of their paychecks due to their belief that they would lose their jobs if they insisted upon receiving the prevailing wage.

11. In addition to paying Ocean State Companies' employees less than the prevailing wage for regular hours worked by the employees, defendant MICHAEL MACARUSO also regularly paid his employees less than the time-and-one-half each employee was required to receive for any hours worked beyond forty hours per week on a public project.

12. From in or about July 2003 through in or about December 2006, in the District of Rhode Island, the defendant, MICHAEL MACARUSO, by force, intimidation, threat of procuring dismissal from employment and by other means, did knowingly induce persons employed in the construction, prosecution, completion and repair of any public building, public work, or building or work financed in whole or in part by loans or grants from the United States, to give up part of their compensation to which they were entitled under their contract of employment.

In violation of 18 U.S.C. § 874.

COUNT 2
(Filing a False Tax Return)

1. The United States Attorney realleges and incorporates by reference paragraphs 1 through 11 of Count One of this Information in their entirety as if fully set forth herein.

2. At all times relevant to this Information, accountants at Russolino & Young prepared defendant MICHAEL MACARUSO's individual income tax returns as well as the income tax returns of the Ocean State Companies. In preparing these returns, Russolino & Young relied on documentation submitted by defendant MACARUSO concerning income received and expenses incurred as well as on the monthly bank statements of the Ocean State Companies' business bank accounts at Citizens Bank.

3. On numerous occasions from January 2005 through December 2006, rather than depositing business receipts into the Ocean State Companies' bank accounts, defendant MICHAEL MACARUSO would cash checks made out to the Ocean State Companies at Rhode Island check-cashing facilities. Defendant MICHAEL MACARUSO did not inform Russolino & Young that he cashed a large amount of checks received by the Ocean State Companies at check-cashing facilities rather than depositing them into the Ocean State Companies' bank accounts at Citizens Bank. As a result, defendant MACARUSO's individual returns as well as the corporate returns of Ocean State Environmental omitted approximately $283,392 in income for tax years 2005 and 2006. Although defendant MACARUSO knew that his personal income tax returns and the income tax returns of Ocean State Environmental for 2005 and 2006 omitted large amounts of income, he signed and filed the returns with the Internal Revenue Service.

4. On or about April 17, 2006, defendant, MICHAEL MACARUSO, in the District of Rhode Island, did willfully make and subscribe a false individual United States Individual Income Tax Return (Form 1040) for the calendar year 2005, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said income tax return he did not believe to be true and correct as to every material matter in that the said return reported $996,283 in total income, on Form 1040, line item 22, whereas, defendant, MICHAEL MACARUSO, then and there well knew and believed that he earned income substantially in addition to the amount reported.

In violation of 26 U.S.C. § 7206(1).

ROBERT CLARK CORRENTE
United States Attorney

By: Lee Vilker
LEE H. VILKER
Assistant U.S. Attorney

[signature]
LUIS M. MATOS
First Assistant U.S. Attorney

6/26/08
Date